# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **NICHOLAS BALAGIANNIS and RESERVE PTY. LIMITED, as Trustees for the NBF TRUST,**<br><br>Plaintiffs,<br><br>v.<br><br>**THEODORE MAVRAKIS,**<br><br>Defendant. | **Case No. 13 C 7475**<br><br>**Hon. Harry D. Leinenweber** |

**MEMORANDUM OPINION AND ORDER**

**I. BACKGROUND**

This case arises out of a Settlement Agreement gone bad. In 2008, Plaintiffs Nicolas Balagiannis ("Balagiannis") and Reserve Hotels Pty. Limited ("Reserve"), as trustee for the NBF Trust, filed a lawsuit in this Court against Defendant Theodore Mavrakis ("Mavrakis") and his brother, alleging that Mavrakis had defrauded them out of a $4.5 million investment in a Greek casino (the "U.S. Action"). At the same time, Balagiannis also initiated a related action against Mavrakis, his wife, and others in Athens, Greece (the "Greek Action").

After a portion of the U.S. Action was resolved on summary judgment, Balagiannis and Mavrakis entered into a written Settlement Agreement. Under the terms of the settlement, Mavrakis agreed to pay Balagiannis $1,125,000 in certain installment

payments in exchange for Balagiannis' promise to dismiss the U.S. Action with prejudice and withdraw the Complaint against Mavrakis and his wife in the Greek Action by no later than September 28, 2012. The parties also agreed to a mutual release of any further claims relating to the casino investment.

After remitting three of the five installments under the agreement, totaling $300,000, Mavrakis learned that, although Balagiannis had dismissed the U.S. Action, the charges in the Greek Action remained pending. Consequently, Mavrakis withheld payment of the remaining $925,000, which was due to Balagiannis in two final installments that were to have been made in April and October 2013.

On October 17, 2013, Balagiannis filed this lawsuit accusing Mavrakis of having breached the Settlement Agreement by refusing to tender full payment. Balagiannis also reasserted three claims he had advanced originally in the U.S. Action, which he asked be reinstated in the event that Mavrakis sought to rescind the Settlement Agreement. Those claims since have been withdrawn on the representation that Mavrakis would not pursue rescission. (*See,* 3/20/14 Hr'g Tr. at 12:16-19, ECF No. 26-2). Mavrakis now seeks dismissal of Balagiannis' breach of settlement claim on the theory that Balagiannis is precluded from recovery because he failed to secure dismissal of the Greek Action and, thus, has not

satisfied his own obligations under the terms of the parties' agreement.

## II. DISCUSSION

Because settlement agreements are contracts, state law supplies the rules that govern their enforcement. *Newkirk v. Village of Steger,* 536 F.3d 771, 774 (7th Cir. 2008). Under Illinois law, "[a] party cannot sue for breach of contract without alleging . . . that he has himself substantially complied with all the material terms of the agreement." *Costello v. Grundon,* 651 F.3d 614, 640 (7th Cir. 2011) (quotation marks omitted). This concept is referred to as substantial performance. *See, e.g., Reger Dev., LLC v. Nat'l City Bank,* 592 F.3d 759, 764 (7th Cir. 2010) (reciting the elements of a breach of contract claim, including "substantial performance by the plaintiff"). Substantial performance means "performance of all the essential elements necessary to the accomplishment of the purpose of the contract." *W.E. Erickson Constr., Inc. v. Congress-Kenilworth Corp.,* 503 N.E.2d 233, 236-37 (Ill. 1986).

Balagiannis acknowledges that the Greek Action has yet to be dismissed, but insists that this is through no fault of his own. To that end, Balagiannis asserts that, although he submitted a request to withdraw the Complaint against Mavrakis and his wife, the Greek court simply took no action with respect to that application. Thus, as Balagiannis sees it, the matter no longer is

within his control and, because he put forth a reasonable effort to meet his contractual obligations, he now is entitled to enforce the settlement.

There is a critical flaw with Balagiannis' approach, however, which is that his allegations concerning his good faith attempt to withdraw the Greek Complaint appear not to be true. Indeed, the request to which Balagiannis refers in his Complaint – an application to the District Attorney of the First Instance of Athens, dated March 19, 2012 (the "March 19 Application") – contains no mention of withdrawal at all. Rather, the March 19 Application complains at length about the amount of time that had passed since the Complaint had been filed and asks that the preliminary investigation be completed without even affording Mavrakis or his wife the benefit of submitting written responses to the charges against them. Such a demand plainly is at odds with Balagiannis' obligation to drop the case.

Because the March 19 Application was neither quoted in nor attached to the Complaint, however, there is some dispute over whether it can be considered in ruling on the present Motion to Dismiss. While courts ordinarily are limited to the four corners of the pleadings in evaluating a motion to dismiss, documents outside of the complaint may be considered if they are referred to in the pleadings and are central to the claim at issue. *Citadel Grp. Ltd. v. Wash. Reg'l Med. Ctr.,* 692 F.3d 580, 591 (7th Cir.

2012). This rule is intended to "prevent parties from surviving a motion to dismiss by artful pleading or by failing to attach relevant documents." *188 LLC v. Trinity Indus., Inc.,* 300 F.3d 730, 735 (7th Cir. 2002).

At an in-court conference on March 20, 2014, Balagiannis' attorney consented to the Court's consideration of the March 19 Application. (3/20/14 Hr'g Tr. at 9:3-11 (Mr. Fitzpatrick: "And so we just want to make sure that the [March 19 Application] we put in this case is also used during the Court's review of the motion to dismiss . . . because it's a central document. . . ." Mr. Heaphy: "We have no objection to that, Your Honor.")). Although, in his papers, Balagiannis appears to have reversed course on that concession, it is difficult to see how the March 19 Application could not be considered central to his claim. The document is twice referred to in the Complaint and is the sole basis for Balagiannis' allegation of substantial performance under the settlement agreement. (*See,* Compl. ¶¶ 30-31, ECF No. 1). Under the circumstances, consideration of the March 19 Application is appropriate.

In his reply papers, Balagiannis contends that it is sufficient that he "believed" that his request to the Greek court would result in dismissal of the Greek Action. (*See,* Pl.'s' Resp. to Def.'s Revised Reply ("Pl.'s' Sur-Reply") at 3, ECF No. 29). That assertion, however, appears nowhere in his Complaint and,

thus, cannot be considered here. *Runnemede Owners, Inc. v. Crest Mortg. Corp.,* 861 F.2d 1053, 1057 (7th Cir. 1988). Even if it could, Balagiannis' purported beliefs concerning the intended effect of his request are utterly implausible. Indeed, it defies common sense to suggest that what amounts to a request to expedite the proceedings in the Greek court could have been expected to achieve dismissal of the case. Moreover, it is obvious that the March 19 Application could not have been calculated reasonably to secure withdrawal of the Greek Action in accordance with the terms of the parties' agreement because it was submitted almost six months prior to the date of the settlement, at a time when Balagiannis would have had no reason to seek withdrawal of the charges against Mavrakis and his wife. And, in any event, the Settlement Agreement required actual withdrawal of the Greek Complaint, not merely a speculative belief that the action had been dismissed.

As further evidence of his alleged good faith efforts to withdraw the Greek Action, Balagiannis points to a declaration he filed with the Greek court on March 4, 2014 (the "March 4 Declaration"), in which he announced that he did not wish to sue Mavrakis or his wife and that he "w[ould] not attend as plaintiff against them, neither for restoration of material damage . . . nor for monetary compensation due to the moral damage caused . . . by the[ir] felonies." (Pl.'s' Sur-Reply, Ex. A, ECF No. 29-1). The

problem with the March 4 Declaration, however, is that it was filed roughly three months after the Motion to Dismiss in this case had been submitted and nineteen months after withdrawal of the complaint was required under the terms of the Settlement Agreement. (*See,* Compl., Ex. 1 at 32, ECF No. 1-1 ("Balagiannis agrees *on or before September 28, 2012,* to withdraw the Complaint he has filed against Mavrakis and [his wife] in the Greek Action.") (emphasis added)).

Apart from the obvious untimeliness of the request, it also appears that the March 4 Declaration was fashioned in such a way that it is unlikely to be granted. This is because Balagiannis' request reaffirms his desire to press his case against the other four respondents named in the Greek Action and, thus, constitutes only a partial withdrawal, which apparently is not permissible under Greek law. *See,* Kodikas Poinkes Dikonomias [Kpoi.D.] [Code of Criminal Procedure] art. 51 (Greece) ("[r]esignation [from the right to complain] including terms or time limits bears no legal consequences"). Balagiannis himself acknowledges this very problem by indicating that he is "considering filing a request to withdraw the Greek complaint in its entirety" in the event that the Greek authorities deny his request for partial withdrawal. (Pl.'s' Sur-Reply at 3). In the circumstances, the March 4 Declaration is, quite simply, too little too late.

To borrow a line from Judge Francis Allegra in *5860 Chicago Ridge, LLC v. United States,* 104 Fed.Cl. 740, 761 (Fed.Cl. 2012), "even if [Balagiannis] believes that [he] deserves an 'A' for effort (a debatable point, to be sure), [he] definitely earns an 'F' for effectiveness." (parenthesis in original).

### III. CONCLUSION

For the reasons stated herein, Balagiannis' claimed good faith efforts to dismiss the complaint in the Greek Action do not support his allegations of substantial performance. Mavrakis' Motion [ECF No. 13] is granted and the case is dismissed.

**IT IS SO ORDERED.**

 _____
 Harry D. Leinenweber, Judge
 United States District Court

Date: 8/8/2014